UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of Arbitration between,<br><br>**ALEXIS BERGER,**<br><br>Petitioner,<br><br>— and —<br><br>**KARGO GLOBAL, INC.,**<br><br>Respondent. | CV-17-4288<br><br>ECF CASE<br><br>**Declaration of Seth A. Rafkin in Support of Petition for Confirmation of Arbitration Award and Exhibits Thereto** |

I, Seth A. Rafkin, hereby declare that the following is true and correct, that I have personal knowledge of the same and could and would testify competently thereto.

1. I am counsel of record for Petitioner Alexis Berger in this matter and in the underlying Arbitration: In The Matter of An Arbitration Between Alexis Berger (Claimant) and Kargo Global, Inc. (Respondent), American Arbitration Association Case No. 01-16-0002-1175) (the "Arbitration"). On June 3, 2016, the date the demand for arbitration was filed, Ms. Berger was a resident of Chicago, Illinois. As of the date hereof, Ms. Berger resides in Chicago, Illinois and intends to remain living there. Respondent is incorporated under the laws of Delaware with its headquarters and principal place of business in New York City. *See* Exhibit G.

2. Attached hereto as Exhibit A is a true and correct copy of the Award rendered on May 31, 2017 by the duly appointed arbitrator in the Arbitration, the Honorable Billie Colombaro (the "Award").

1

3. Attached hereto as Exhibit B is a true and correct copy of Employment Agreement containing the applicable arbitration provision entered into between Petitioner Alexis Berger and Respondent Kargo Global, Inc. ("Kargo").

4. Attached hereto as Exhibit C is a true and correct copy of the correspondence from AAA confirming the appointment of the Honorable Billie Colombaro (ret.) as the arbitrator (the "Arbitrator"). Judge Colombaro was among the list of potential arbitrators submitted to both parties. Each side had the opportunity to strike names from the list. Neither side struck Judge Colombaro.

5. On August 1, 2016, the Arbitrator held an Arbitration Management Conference and by agreement of the parties and direction of the Arbitrator, a Scheduling Order of the same date issued. A true and correct copy of the Scheduling Order is attached hereto as Exhibit D.

6. Both Kargo and Ms. Berger availed themselves of all forms of permitted discovery. Kargo did not submit any dispositive or in limine motions. Kargo had the opportunity to have a court reporter present for the hearing. It declined to do so.

7. The Arbitration took place in New York City on December 5, 6, 7, 8, 9, 12 and 13, 2016. The Scheduling Order set a five-day evidentiary hearing to take place in New York City. After the hearing commenced, the Arbitrator extended the hearing for an additional two days to all enable Kargo the opportunity to offer all the evidence it wished to offer in its case-in-chief.

8. After the evidentiary hearing commenced, the Arbitrator issued two subpoenas. One was to assist Kargo in securing the appearance of Brandon Hillier, a witness it wished to offer in support of its counter-claims. The other subpoena was issued to enable Ms. Berger to secure the appearance of Ms. McCallum, a witness in support of her claims.

9. The Arbitrator directed the parties to provide post-hearing briefing. The Arbitrator permitted the parties to agree upon a schedule and set no limits on the length or extent of such briefing. Attached hereto as Exhibit E is a true and correct copy of the post-hearing briefing schedule agreed to by the parties and approved by the Arbitrator. The evidentiary hearing concluded on December 13, 2016. The post-hearing briefing schedule allowed Kargo through and including February 13, 2017 to complete its post-trial briefing. Kargo's post-hearing briefing (excluding exhibits) totaled approximately 130 pages.

10. Following submission of the post-hearing brief, the Arbitrator then held oral argument for approximately two hours on March 29, 2017. A true and correct copy of the oral argument scheduling notification is attached hereto as Exhibit F.

11. Attached as Exhibit G is a true and correct copy of publically available information on the New York secretary of state's website regarding the incorporation and headquarters of Kargo Global, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is trued and correct.

Executed this 7th day of June, 2017 at Randolph, New Jersey.

_____
Seth Rafkin