# WACHTELL, LIPTON, ROSEN & KATZ

| | | 51 WEST 52ND STREET | | |
|---|---|---|---|---|
| MARTIN LIPTON | DAVID A. KATZ | NEW YORK, N.Y. 10019-6150 | T. EIKO STANGE | RONALD C. CHEN |
| HERBERT M. WACHTELL | ILENE KNABLE GOTTS | TELEPHONE: (212) 403-1000 | JOHN F. LYNCH | GORDON S. MOODIE |
| PAUL VIZCARRONDO, JR. | JEFFREY M. WINTNER | FACSIMILE: (212) 403-2000 | WILLIAM SAVITT | OONGJU SONG |
| PETER C. HEIN | TREVOR S. NORWITZ | | ERIC M. ROSOF | BRADLEY R. WILSON |
| HAROLD S. NOVIKOFF | BEN M. GERMANA | | GREGORY E. OSTLING | GRAHAM W. MELI |
| THEODORE N. MIRVIS | ANDREW J. NUSSBAUM | | DAVID B. ANDERS | GREGORY E. PESSIN |
| EDWARD D. HERLIHY | RACHELLE SILVERBERG | | ANDREA K. WAHLQUIST | CARRIE M. REILLY |
| DANIEL A. NEFF | STEVEN A. COHEN | GEORGE A. KATZ (1965-1989) | ADAM J. SHAPIRO | MARK F. VEBLEN |
| ANDREW R. BROWNSTEIN | DEBORAH L. PAUL | JAMES H. FOGELSON (1967-1991) | NELSON O. FITTS | VICTOR GOLDFELD |
| MARC WOLINSKY | DAVID C. KARP | LEONARD M. ROSEN (1965-2014) | JOSHUA M. HOLMES | EDWARD J. LEE |
| STEVEN A. ROSENBLUM | RICHARD K. KIM | | DAVID E. SHAPIRO | BRANDON C. PRICE |
| JOHN F. SAVARESE | JOSHUA R. CAMMAKER | OF COUNSEL | DAMIAN G. DIDDEN | KEVIN S. SCHWARTZ |
| SCOTT K. CHARLES | MARK GORDON | | IAN BOCZKO | MICHAEL S. BENN |
| JODI J. SCHWARTZ | JOSEPH D. LARSON | WILLIAM T. ALLEN — DAVID S. NEILL | MATTHEW M. GUEST | SABASTIAN V. NILES |
| ADAM O. EMMERICH | LAWRENCE S. MAKOW | MARTIN J.E. ARMS — BERNARD W. NUSSBAUM | DAVID E. KAHAN | ALISON ZIESKE PREISS |
| GEORGE T. CONWAY III | JEANNEMARIE O'BRIEN | MICHAEL H. BYOWITZ — LAWRENCE B. PEDOWITZ | DAVID K. LAM | TIJANA J. DVORNIC |
| RALPH M. LEVENE | WAYNE M. CARLIN | PETER C. CANELLOS — ERIC S. ROBINSON | BENJAMIN M. ROTH | JENNA E. LEVINE |
| RICHARD G. MASON | STEPHEN R. DiPRIMA | DAVID M. EINHORN — PATRICIA A. ROBINSON* | JOSHUA A. FELTMAN | RYAN A. McLEOD |
| MICHAEL J. SEGAL | NICHOLAS G. DEMMO | KENNETH B. FORREST — ERIC M. ROTH | ELAINE P. G... | |
| DAVID M. SILK | IGOR KIRMAN | THEODORE GEWERTZ — PAUL K. ROWE | EMIL A. KLE... | |
| ROBIN PANOVKA | JONATHAN M. MOSES | RICHARD G. KATCHER — DAVID A. SCHWARTZ | KARESSA L... | |
| | | MEYER G. KOPLOW — MICHAEL W. SCHWARTZ | | |
| | | DOUGLAS K. MAYER — STEPHANIE J. SELIGMAN | | |
| | | ROBERT B. MAZUR — ELLIOTT V. STEIN | | |
| | | MARSHALL L. MILLER — WARREN R. STERN | | |
| | | PHILIP MINDLIN — PATRICIA A. VLAHAKIS | | |
| | | ROBERT M. MORGENTHAU — AMY R. WOLF | | |

* ADMITTED IN THE DISTRICT OF COLUMBIA

COUNSEL

| | |
|---|---|
| DAVID M. ADLERSTEIN | PAULA N. GORDON |
| AMANDA K. ALLEXON | NANCY B. GREENBAUM |
| LOUIS J. BARASH | MARK A. KOENIG |
| FRANCO CASTELLI | LAUREN M. KOFKE |
| DIANNA CHEN | J. AUSTIN LYONS |
| ANDREW J.H. CHEUNG | ALICIA C. McCARTHY |
| PAMELA EHRENKRANZ | S. CHRISTOPHER SZCZERBAN |
| KATHRYN GETTLES-ATWA | JEFFREY A. WATIKER |
| ADAM M. GOGOLAK | |



August 4, 2017

BY HAND

Hon. Ronnie Abrams
United States District Judge
U.S. District Court, Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re: *Alexis Berger v. Kargo Global, Inc.*, No. 17-cv-04288

Dear Judge Abrams:

      We represent Respondent Kargo Global, Inc. in the above-referenced proceeding. Submitted herewith is Respondent's opposition to the petition to confirm the arbitration award and its motion to vacate or modify that award (the "Motion"), as well as supporting declarations and exhibits. Pursuant to Rule 5(A) of Your Honor's Individual Practices, we write to request that portions of these papers be redacted and remain under seal.

      The arbitration award at issue in this litigation arises from a proceeding in which the parties stipulated to a Protective Order dated September 30, 2016 (the "Protective Order"). The Protective Order, a copy of which is enclosed, provides that "Confidential Information shall be used solely for the preparation, trial and/or settlement of the arbitration, and shall not be communicated or used for any other purpose whatsoever except as compelled by court order." Further, the Protective Order provides that "material produced during [arbitration] discovery shall presumptively qualify as Confidential Information to the extent it contains non-public information, personal information, business information, or other non-public sensitive or proprietary information." This particular Protective Order contains no express exclusion with respect to the use of confidential information in court proceedings, and we do not wish to give occasion to a claim of breach.

WACHTELL, LIPTON, ROSEN & KATZ

Hon. Ronnie Abrams
August 4, 2017
Page 2

       Much of the testimonial and documentary record from the arbitration that is cited in the Motion and submitted in support thereof is confidential and subject to the Protective Order. To avoid any potential breach of the Protective Order, Respondent respectfully requests that the Motion and its supporting declaration and exhibits be sealed.

       While there is a "presumption of access" to judicial documents, courts will consider "countervailing factors include[ing] . . . the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) (internal quotation marks omitted); *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public.").[*] To that end, "for good cause," courts will protect parties from "embarrassment" or "oppression" by issuing an order "forbidding disclosure," "requiring that a deposition be sealed," or "requiring commercial information not be revealed." Fed. R. Civ. P. 26(c)(1).

       Protective Order aside, here, there is good cause to seal Respondent's Motion and supporting papers — as they will contain private information about Respondent's business strategy, compensation structure, and contractual agreements. But even more to the point, they necessarily contain highly negative information about Petitioner (*see, e.g.*, Motion at Statement of Facts & Point II) as well as the arbitrator (*see id.* at Point III).

       Petitioner chose to publicly attach the arbitration award (the "Award") itself to her petition to confirm as well as include her own, unredacted, recitation of many of its salacious details — resulting in publication in major publications, such as *The New York Times*, *The New York Post* and *The Daily Mail*, and industry publications, such as *AdWeek*, among others.[**] (Indeed, in doing so, Petitioner — we believe unintentionally — seriously erred in describing the Award as supposedly identifying "numerous sexual *harassment* complaints" against one of Respondent's employees when this was not the case. Petition for Confirmation of Arbitration Award (ECF No. 4) at 11 (emphasis added). The Award dealt only with "sexual *discrimination*" (Award at 54, emphasis added) — and as our papers set forth, we believe only reached a finding of discrimination by ignoring critical evidence to the contrary.)

---

[*]    *See also Doe v. Apfel*, 1999 WL 182669, at *3 (E.D.N.Y. Mar. 22, 1999) (allowing sealing where "almost every document in the record contain[ed] a lengthy, detailed, and potentially embarrassing description of the illnesses from which Doe suffer[ed]").

[**]    *See* Kristina Monllos, *Former Kargo Sales Exec Awarded $40 Million in Arbitration Over Sexual Discrimination, Wrongful Termination*, ADWEEK (June 8, 2017), *at* http://www.adweek.com/agencies/former-kargo-sales-exec-awarded-40-million-in-arbitration-over-sexual-discrimination-wrongful-termination/; Kathlanne Bonlello, *Female exec says she was fired for 'acting like a man'*, NYPOST (June 11, 2017), http://nypost.com/2017/06/11/female-exec-says-she-was-fired-for-acting-like-a-man/; Matthew Wright, *Female executive, 32, who was fired for 'acting like a man' is awarded $40MILLION for sexual discrimination*, DAILYMAIL (June 11, 2017), http://www.dailymail.co.uk/news/article-4593884/Female-exec-awarded-40-million-lawsuit.html#ixzz4oYpBuULU; *Marketing executive fired for 'acting like a man' awarded $41 million*, NYTIMES (June 14, 2017), http://nytlive.nytimes.com/womenintheworld/2017/06/14/marketing-executive-fired-for-acting-like-a-man-awarded-41-million-settlement/.

WACHTELL, LIPTON, ROSEN & KATZ

Hon. Ronnie Abrams
August 4, 2017
Page 3

  Notwithstanding Petitioner's having chosen to do so, Respondent has no desire to litigate this matter in the press and no desire to publicly air derogatory evidence with respect to Petitioner and the arbitrator that are nonetheless necessary to support its Motion. Accordingly, we request this Court use its discretion to have the papers sealed.

  In accordance with Rule 5(A), in addition to submitting two fully unredacted sets of the Motion and supporting declarations and exhibits, submitted herewith are (1) full copies of the Motion and supporting declarations in highlighted form, identifying the proposed redactions in yellow; and (2) partial, looseleaf copies of those pages on which redacted material appears, as well as the exhibits to the declarations to be redacted in full. Respondent has submitted these materials today in hard copy and will file the necessary documents on ECF after receiving the Court's direction concerning redactions.

Respectfully submitted,

*/s/ Herbert M. Wachtell*

Herbert M. Wachtell

Enclosure

cc:  All Counsel of Record

---

Application denied. As Respondent recognizes, there is a "presumption of access" to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "It is well settled that the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents that directly affect the Court's adjudication" and are therefore subject to a presumption of public access under the First Amendment. *Aioi Nissay Dowa Ins. Co. v. Prosight Specialty Mgt. Co., Inc.*, No. 12-CIV-3274 (JPO), 2012 WL 3583176, at *5 (S.D.N.Y. Aug. 21, 2012) (collecting cases).

Respondent has made no showing sufficient to overcome this presumption. First, the arbitration award has already been filed on the public docket and there is no privacy interest with respect to information that is publicly available. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("The genie is out of the bottle," the Court does not have "the means to put the genie back."). Second, the assertion that disclosure violates a separate confidentiality order is insufficient. *See e.g., Robert Bosch GmbH v. Honewell Int'l Inc.*, No. 14-CV-9432 (PKC), 2015 WL 128154, at *1 (S.D.N.Y. Jan. 6, 2015) ("A party to an arbitration proceeding that is subject to confirmation proceedings in a federal court cannot have a legitimate expectation of privacy in all papers pertaining to the arbitration because the party should know of the presumption of public access to judicial proceedings."). Third, Respondent's contention that its motion and supporting papers "contain private information about Respondent's business strategy, compensation structure, and contractual agreements," as well as "highly negative information about Petitioner . . . as well as the arbitrator" are insufficient to support "specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Lugosch*, 435 F.3d at 126.

Accordingly, the application to seal portions of Respondent's motion, as well as supporting declarations and exhibits, is denied without prejudice to make a more tailored application, provided it is supported by an explanation for each of the proposed redactions as to why "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 20. If Respondent chooses to renew its request, it shall do so by August 25, 2017, and any opposition is due by September 1, 2017. Respondent must also inform the Court by August 18, 2017, if it opposes the public docketing of this letter, and if so, on what grounds.

SO ORDERED.

Hon. Ronnie Abrams
8/17/2017